UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

COOK LOGISTICS, LLC,
a Wisconsin limited liability company,
individually and as assignee of HITEC
POWER PROTECTION, INC.,

      Plaintiff,

v.                                                     Case No.

EQUIPMENT EXPRESS, INC.,
a Canadian corporation,

      Defendants.

## COMPLAINT

Plaintiff, COOK LOGISTICS, LLC (hereinafter "COOK"), for itself and as assignee of HITEC POWER PROTECTION, INC. ("HITEC") by and through its undersigned counsel, brings the following claims against Defendant, EQUIPMENT EXPRESS, INC. (hereinafter "EEI") and alleges:

## PARTIES

1. COOK is a Wisconsin limited liability company with its principal place of business in Delavan, Wisconsin. All of COOK's managers are residents of Wisconsin.

2. EEI is a Canadian corporation with its principal place of business located in Ayr, Ontario, Canada.

3. HITEC is a provider of power protection solutions with its principal place of business in Rosenberg, Texas.

4. COOK is a transportation broker, duly licensed by the Federal Motor Carrier Safety Administration under Docket No. MC424239 to arrange for transportation of general commodities

via motor carrier throughout the United States.

5. EEI is a motor carrier, duly licensed by the Federal Motor Carrier Safety Administration under Docket No. MC246509 to transport property in interstate commerce throughout the United States.

6. HITEC was the beneficial owner of the cargo at issue in this matter. On or about September 26, 2019, HITEC assigned all of its rights to recover for damage to the cargo to COOK via a written assignment.

## JURISDICTION AND VENUE

7. This is an action against EEI brought, in part, pursuant to 49 U.S.C. § 14706 (the Carmack Amendment). This Court has jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and 1337.

8. This is also an action for common law breach of contract against EEI. This Court has supplemental jurisdiction over the common law claim pursuant to 28 U.S.C. § 1367, because it arises from common operative facts with the Carmack Amendment claim referenced in paragraph 5 hereinabove.

9. This Court also has jurisdiction over both the Carmack Amendment and the common law claims pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 USD and the parties are diverse in citizenship.

10. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3) because a substantial part of the acts or omissions giving rise to the claims at issue arise out of a contract executed in Delavan, Wisconsin, and because EEI is not a resident in the United States and thus may be sued in any judicial district.

# COUNT I
# BREACH OF CONTRACT
### (by COOK, individually)

11. COOK realleges and incorporates by reference paragraphs 1 through 10 above as if fully set forth herein.

12. On or about January 30, 2018, COOK and EEI entered into a "Broker-Carrier Agreement" setting forth the terms of the relationship between the parties. A true and correct copy of the parties' Broker-Carrier Agreement (hereinafter "BCA") is attached hereto as "Exhibit A."

13. Pursuant to the terms of the BCA, COOK agreed to solicit merchandise available for transportation on EEI's behalf, dispatch said merchandise to EEI for transportation, accept payment for such transportation on EEI's behalf, and forward freight charge payments to EEI according to the terms of the BCA. In exchange for such services, EEI permitted COOK to retain certain amounts over the actual freight charges paid to EEI as its commission fee. (Ex. A, ¶¶ 2, 6).

14. Under the BCA, EEI agreed to be liable to COOK for "loss or damage to any property transported under this Contract." (Ex. A, ¶ 8). Such liability was understood by the parties to include the full replacement cost of the loss of any items damaged during transit. Id.

15. In or about February 2019, COOK brokered several loads on behalf of HITEC of highly-sensitive telecommunications/electronic components to be transported from AVL Manufacturing, Inc. (hereinafter "AVL") in Hamilton, Ontario, Canada to AT&T Services, Inc. (hereinafter "AT&T") in Redmond, Washington. Pursuant to the BCA, COOK tendered the loads to EEI for the actual transportation of the loads.

16. When EEI picked up these loads at AVL, the loads were all in good condition, properly shrink-wrapped, and secured.

17. During the transit of these loads, several of the components were damaged due to

several reasons, including but not limited to: loads shifting during transit, the shrink-wrap around the components being compromised, and the infiltration of water, dirt, and other debris into the components.

18. As a result of such damage during transit, HITEC was required to repair and/or replace a number of the components and passed the costs of such repair and replacement on to COOK.

19. EEI breached the BCA by permitting the cargo it was transporting to be damaged during transit.

20. As a result of EEI's breach, COOK has become liable to HITEC for the amounts associated with the repair and replacement of the damaged cargo, which total in excess of $468,306.80 USD at the time of this filing.[1]

WHEREFORE, Plaintiff, COOK LOGISTICS, LLC, demands judgment against Defendant, EQUIPMENT EXPRESS, INC., for damages, prejudgment interest, an award of attorney's fees and costs, and such other relief as this Court deems just and proper.

### COUNT II
### LIABILITY UNDER THE CARMACK AMENDMENT
**(brought as assignee of HITEC)**

21. COOK realleges and incorporates by reference paragraphs 1 through 10 above as if fully set forth herein.

22. In or about February 2019, EEI accepted several loads of highly-sensitive telecommunications/electronics components from COOK, who was acting as transportation broker at that time for HITEC.

---

[1] As of the filing of this Complaint, HITEC and AT&T were still in the process of finalizing the repair/replacement of the damaged components. The amount associated with said repair/replacement is expected to be greater than the amount stated herein.

4

23. The loads accepted by EEI were to be transported on behalf of HITEC from AVL Manufacturing, Inc. (hereinafter "AVL") in Hamilton, Ontario, Canada to AT&T Services, Inc. (hereinafter "AT&T") in Redmond, Washington.

24. When EEI picked up these loads at AVL, the loads were all in good condition, properly shrink-wrapped, and secured.

25. At all relevant times, EEI owed HITEC a duty to transport and deliver these loads in the same good order and condition in which EEI received them, pursuant to the Carmack Amendment, 49 U.S.C. § 14706.

26. During the transit of these loads, several of the components were damaged due to several reasons, including but not limited to: loads shifting during transit, the shrink-wrap around the components being compromised, and the infiltration of water, dirt, and other debris into the components.

27. As a result of such damage during transit, HITEC was required to repair and/or replace a number of the components, incurring in excess of $468,306.80 USD to repair and replace the damaged components.

28. In or about May/June 2019, COOK, on behalf of HITEC, made several demands upon EEI and its insurer for reimbursement for the damages incurred to HITEC's property during transit by EEI. To date, EEI has refused to reimburse either HITEC or COOK for such damages.

29. HITEC assigned its rights to damages under the Carmack Amendment to COOK in September 2019.

WHEREFORE, Plaintiff, COOK LOGISTICS, LLC, demands judgment against Defendant, EQUIPMENT EXPRESS, INC., for damages, prejudgment interest, an award of attorney's fees and costs, and such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Ryan A. Mahoney*
Counsel for Plaintiff,
COOK LOGISTICS, INC.

Bridgette M. Blitch
Ryan A. Mahoney
BLITCH WESTLEY BARRETTE, S.C.
1550 Spring Road, Suite 120
Oak Brook, Illinois 60623
TEL:   312-283-4220
bblitch@bwesq.com
rmahoney@bwesq.com