UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

COOK LOGISTICS, LLC,
a Wisconsin limited liability company,
individually and as assignee of HITEC
POWER PROTECTION, INC.,

        Plaintiff,

    v.

EQUIPMENT EXPRESS, INC.
a Canadian corporation,

        Defendant.

Case No. 2019-CV-1620

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Equipment Express, Inc., by and through its undersigned counsel, submits the following Memorandum in Support of its Motion to Dismiss Plaintiff's, Cook Logistics, LLC individually and as assignee of HITEC Power Protection, Inc., Complaint based on the doctrine of *forum non conveniens*, or, in the alternative, based on lack of personal jurisdiction and/or improper venue under the Carmack Amendment and Federal Rule of Civil Procedure 12(b)(2)-(b)(3), and as grounds therefore states as follows:

### BACKGROUND

**I. THE PARTIES.**

Cook Logistics, LLC ("Cook") is a Wisconsin domestic limited liability company, doing business as a freight broker. HITEC Power Protection, Inc. ("HITEC") is a Netherlands corporation, incorporated in Texas, which sells power protection systems. Equipment Express, Inc. ("EEI") is a Canadian corporation, headquartered in Ontario, which provides transportation services as a motor carrier. EEI does not have any offices or employees in Wisconsin, it is not

registered to do business in Wisconsin, does not own assets, real or tangible property, of any kind in Wisconsin, and does not advertise in Wisconsin. *Affidavit of Brian Sillett* ("*Sillett Aff.*"), ¶¶ 3-6.

## II. PLAINTIFF'S ALLEGATIONS.

This action is about damages that the Plaintiff claims were sustained by two power generators during their transport from Canada to Washington. Upon information and belief and based on correspondences from the Plaintiff, prior to transporting these generators, a plastic cover was wrapped around each machine individually to protect them from the elements during transport. This is an application known as shrink-wrapping, done by third party—Mobility Shrink Wrap, Ltd. After the generators were shrink-wrapped, a third party loaded them onto EEI operated trailers for transport. At some point during transport, the shrink wrap malfunctioned—it ripped, exposing the generators to the elements, i.e. snow and/or ice. Concerned about the safety of the products, EEI contacted Cook to report the malfunction. Cook told EEI to put a tarp over the products and continue to transport the generators to Washington; EEI adhered to Cook's directives. Upon delivering the generators, the consignee reported that there was some moisture on the machines and it is alleged that the moisture due to the malfunctioning shrink wrap resulted in damage to the machines. Cook alleges that EEI is liable for this alleged damage and claims that it is entitled to raise claims for such damages although it is not the owner of the generators.

## III. THE FACTS.

Cook and EEI entered into a Broker-Carrier Agreement ("Agreement") which sets out some of the terms under which should Cook, at some point in the future, broker loads for its customers to EEI, EEI would transport them and Cook would collect freight charges on behalf of

EEI and disburse them. *Pl.'s Compl.*, ¶ 12, Ex. A. The Agreement was signed by Cook in Wisconsin, and by EEI in Canada. *Pl.'s Compl.*, ¶ 10; *Sillett Aff.*, ¶ 7.

Cook brokered five loads for EEI to transport in February of 2019 from Hamilton, Province of Ontario, Canada to AT&T Services, Inc. ("AT&T") in Redmond, Washington. *Pl.'s Compl.*, ¶ 15; *Sillett Aff.*, ¶ 11, Ex. B; ¶ 12, Ex. C (¶¶ 4-7. Two of those five loads, consisting of shrink-wrapped power generators, are the cargo subject of this action ("Cargo"). EEI picked up the loads on February 13, 2019 from AVL Manufacturing, Inc. ("AVL"), a Canadian corporation headquartered in Ontario, and transported the Cargo to AT&T in Washington. At no point in time did EEI transport the Cargo through Wisconsin. *Sillett Aff.*, ¶¶ 8-11, Exs. A-B.

The Plaintiff alleges the Cargo was damaged due to the shrink wrap failing during transport. *Pl.'s Compl.*, ¶¶ 17, 26. Upon information and belief, Mobile Shrink Wrap, Ltd. ("Mobile"), an Ontario, Canada company, was hired by the shipper, AVL, or by Cook to prepare the loads for transport, including shrink wrapping the Cargo before they were loaded on the trailers for transport. EEI disputes that it is responsible for the alleged failure of the shrink wrap or the resulting damage, if any.

### IV. PENDING LITIGATION.

Cook failed and refused to pay EEI for freight charges for all five loads, amounts that were owed pursuant to the Agreement. *Sillett Aff.*, ¶ 12, Ex. C (¶¶ 4-9). On May 30, 2019, EEI filed an action against Cook for the unpaid freight charges in Ontario, Canada's Superior Court of Justice; the case is ongoing. *Sillett Aff.*, ¶ 12, Ex. C.

While that case remains pending in Canada, Cook filed this action for alleged damages to two of the same five loads that are at issue before Canada's Superior Court. Cook alleges it has the right to claim such damages based on an assignment from HITEC, the alleged owner of the

Cargo. *Pl.'s Compl.*, ¶ 29. Cook claims it is entitled to recovery in its individual capacity for costs HITEC "passed" on to Cook and as an *ipse dixit* assignee of HITEC.

**ARGUMENT**

The only connection to Wisconsin present in this action is the existence of Plaintiff's office in the state. The Defendant, and all other parties associated with Plaintiff's claims, are out of state. Two such entities are Canadian organizations, and the other relevant entity is located on the other side of the country—two times zones away. Given this, the doctrine of *forum non conveniens* mandates this matter be heard in Canada, where litigation is already pending and where all relevant entities have jurisdiction, or, in the alternative, dismissed based on lack of personal jurisdiction and/or improper venue.

**I. THIS COURT SHOULD DISMISS THIS ACTION UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*.**

This Court should invoke the doctrine of *forum non conveniens* and dismiss the present action because an adequate alternative forum exists, and private and public factors overwhelmingly disfavor adjudication of this case in Wisconsin.

Under the doctrine of *forum non conveniens*, a district court can "dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill–Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997)("When an alternative forum has jurisdiction to hear a case, and . . . when the chosen forum would generate administrative and legal entanglements for the trial court, the court may dismiss the case."); *Clerides v. Boeing Co.*, 534 F.3d 623, 627-628 (7th Cir. 2008).

Analyzing a motion to dismiss on *forum non conveniens* grounds involves a two-step inquiry. *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir. 2003); *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002). First, the court must determine whether an adequate

alternative forum is available. *Id.* Second, the court must balance a variety of private and public interest factors to determine the proper location for the litigation. *Id.* Where a case must be adjudicated in another forum, the court may summarily dismiss the suit without considering other arguments or allowing discovery. *In re LimitNone, LLC*, 551 F.3d 572, 576-77 (7th Cir. 2008).

### A. *Canada is an available and adequate alternative forum.*

When seeking dismissal in favor of a foreign forum, the foreign forum must be available and adequate—that is, the defendants must be "amenable to process" in the jurisdiction, and the alternative forum must offer at least some relief to the plaintiff. *Kamel*, 108 F.3d at 803; *Williams v. Wilson*, 05-C-227, 2005 WL 210098 (W.D.Wis. Aug. 30, 2005)("defendant must show that he is amenable to service in [the forum jurisdiction] . . . ."); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)(A forum is adequate unless the potential remedy it offers is "so clearly inadequate . . . that it is no remedy at all," such as "where the alternative forum does not permit litigation of the subject matter of the dispute."); *Stroitelstvo Bulgaria Ltd. v. Bulgarian–Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009)(A forum is not inadequate simply because the law in the foreign jurisdiction is less favorable to the party opposing dismissal.)

No doubt exists that Canada is an available and adequate forum as the given action is already pending before Canada's Superior Court of Justice regarding the same transaction and the same parties. The action pending before Canada's Superior Court—filed more than five months before the subject action—involves the same (1) shipment; (2) nucleus of facts; (3) parties; (4) witnesses; and (5) evidence. Not only is Cook offered relief in Canada, but Cook can pursue relief immediately by filing a counterclaim in the Canadian action.

Further, Canadian law provides Cook a potential remedy. Canadian courts recognize a cause of action for cargo damage. Under the Province of Ontario's Highway Traffic Act, a "carrier of [] goods described in [the] contract is liable for any loss of or damage to goods accepted by the

carrier or the carrier's agent." Carriage of Goods Regulations, O Reg 643/05 (Can.); *A & A Trading Ltd. v. DIL'S Trucking Inc.*, 2015 ONSC 1887 (Can. Ont. S.C.), 2015 CarswellOnt 4007 (in applying the Regulation, the Ontario Superior Court ruled that the carrier was liable for the damage to goods and awarded damages for the value of the goods as set forth in the contract.) *Affidavit of Patricia Stone* ("*Stone Aff.*"), ¶¶ 2-3, Exs. 1-2. As Cook alleges it is entitled to recover damage caused by the carrier, EEI, for a shipment originating in the Province of Ontario, the Highway Traffic Act provides Cook a potential remedy.

Ultimately, the Courts of the Province of Ontario, Canada, provide an available and adequate alternative forum because the EEI is amenable to process there and the laws of the Province of Ontario offer potential relief to Cook. Therefore, the first step under the doctrine of *forum non conveniens* is satisfied.

### B. *Private and public factors disfavor adjudication of this case in Wisconsin.*

The second step of analyzing a motion to dismiss on *forum non conveniens* grounds is to determine the proper location by balancing a variety of private and public interest factors. Customarily, plaintiff's choice of forum should not be disturbed unless "the balance of public and private interest factors strongly favors the defendant." *Clerides*, 534 F.3d 623 at 628 (7th Cir. 2008) (quoting *Piper Aircraft Co.*, 454 U.S. 235 at 255)("[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference [to defendants]." *Piper Aircraft Co.*, 454 U.S. 235 at 257.

#### 1. Private Interest.

Considerations of private factors include (i) ease of access to evidence; (ii) interest of the two parties in their connections with the respective forums; (iii) the plaintiff's chosen court would be burdensome to the defendant; (iv) ease of obtaining witnesses; and (v) enforceability of

judgment. *Kamel*, 108 F.3d at 803 (citation omitted); *GE Healthcare v. Orbotech, Ltd*., No. 09-C-0035, 2009 WL 2382534, at *14 (E.D. Wis. July 2, 2009).

All aspects of the subject shipment occurred outside of Wisconsin. EEI's records are in Canada and AVL's records are also, presumably, in Canada. HITEC's records are presumably in Texas or possibly the Netherlands, and AT&T's records and the Cargo itself are located in the state of Washington. *Stone Aff*., ¶ 5, Ex. 4. On balance, that Cook's relevant records exist in its office in Wisconsin does not outweigh the existence of a plethora of other relevant records possessed by other entities located outside of this state. In short, the ease of access to physical evidence weighs in favor of dismissal.

The availability of a compulsory process and the cost of securing witness testimony also weigh heavily in favor of dismissal. Most of the key witnesses are located in Canada (e.g. witnesses of the sale of the generators, the condition of the Cargo before loading, the shrink wrapping and other preparation of the generators for transport, the loading of the Cargo, etc.), and other than potentially some Cook employees or principles, no witnesses are present in Wisconsin. *See GE Healthcare, 2009 WL 2382534*, at *15 (dismissing case where "[a] number of important witnesses who will be necessary for trial are . . . located in [a foreign forum]; and "as a practical matter, . . . there would be some significant costs associated with obtaining the testimony of the [foreign] witnesses" in Wisconsin); see *also Amis Const. Co. v. Pressed Steel Tank Co*., 279 F. Supp. 83, 86 (E.D. Wis. 1968) (transferring case where "the contract was made in Oklahoma," the "construction work was performed there," and "a transfer will serve to facilitate access to proof and would cut costs of securing witnesses for trial.").

It also not likely this Court will have jurisdiction to subpoena most of the key witnesses, who are located in Canada, as neither this Court nor any other court in the U.S. has subpoena

power over those entities. Additionally, one of the indispensable parties to this action, Mobile Shrink Wrap, Ltd., is an Ontario entity which does not appear to do business in the U.S. and over which this Court would not have personal jurisdiction. *Stone Aff.*, ¶ 4, Ex. 3. Finally, consolidation of the claims before the Canadian court would "make the trial of [this] case[]" in Canada significantly more "easy, expeditious, and inexpensive." *See GE Healthcare*, 2009 WL 2382534, at *14.

Given the extent to which several private interest factors weigh in favor of support for this motion for dismissal pursuant to *forum non conveniens*, this Court should dismiss Cook's Complaint.

### 2. Public Interest

The final part of the *forum non conveniens* analysis requires consideration of public interest factors, which include (1) the administrative difficulties stemming from court congestion; (2) the local interest in having localized disputes decided at home; (3) the interest in having a case heard in a venue familiar with the controlling law; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 868 (7th Cir. 2015); *Kamel*, 108 F.3d at 803 (citation omitted).

While it cannot be said with certainty that the Eastern District of Wisconsin is congested, it can be said that Cook's claims would not add to the Superior Court's docket because it is already being addressed in an ongoing action. Further, under the terms of the Bills of Lading for the Cargo, which is the contract of carriage for the Cargo, any dispute regarding the Cargo is governed by Canadian law. *Sillett Aff.*, ¶ 11, Ex. B; *Met-Al, Inc. v. Hansen Storage Co.*, 828 F. Supp. 1369, 1375 (E.D. Wis. 1993)(A bill of lading is an adhesion contract between a shipper and a carrier that

details the carrier's obligation to deliver goods to people or places.) The Bills of Lading for the subject Cargo provide that, in relevant part, the transport of the Cargo is subject to Ontario Regulation 643-05 made under the Highway Traffic Act, R.S.O 1990 C. H 8. *Id.* Accordingly, "[t]he need to apply foreign law favors dismissal on forum non conveniens" and "the public's interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action strongly supports the resolution of this dispute in [Canada]." See *GE Healthcare*, 2009 WL 2382534, at *15 (internal citations omitted).

Finally, Canada has, at a minimum, a co-equal interest in deciding this case and is hardly an "unrelated forum" to this dispute. Canada "is not a disinterested jurisdiction," and, as such, that venue "make[s] it appropriate for [Canadian] fact-finders to resolve the action." *GE Healthcare*, 2009 WL 2382534, at *15. In comparison, Wisconsin's interest in this litigation is minimal. While Cook's primary place of business is in Wisconsin, based on Cook's allegations, Cook transacts substantial business outside of Wisconsin and at least in the case of the subject Cargo, Cook transacted business in Canada. *Pl.'s Compl.*, ¶¶ 2-4, 15, 23. Canadian courts are thus both better positioned and have a more significant interest in deciding this dispute.

Ultimately, the private and public factors mandated in the analysis of the application of the doctrine of *forum non conveniens* weigh heavily in favor of dismissing this case in favor of the Canadian venue. Given this, and given an adequate alternative forum exists, Cook's claims should be dismissed on the equitable basis of *forum non conveniens* in favor of resolution in Canada.

**II. THIS COURT SHOULD DISMISS THIS ACTION PURSUANT TO A LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE.**

If the Court concludes sufficient grounds do not exist to dismiss this action under the doctrine of *forum non conveniens*, the case should be dismissed for lack of personal jurisdiction and improper venue.

### A. This Court Lacks Personal Jurisdiction Over the Defendant.

Courts employ a two-step inquiry for determining whether personal jurisdiction may be exercised over a nonresident defendant. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 629 N.W.2d 662. First, the court is to determine whether the defendant meets the criteria for personal jurisdiction under the Wisconsin long-arm statute. Wis. Stat, § 801.05(4). If so, the court then considers whether the exercise of jurisdiction "comports with due process." *Id.,* 2001 WI 99, ¶ 8.

Under Wis. Stat, § 801.05(4), Wisconsin courts have personal jurisdiction:

> "[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
>
> **(a)** Solicitation or service activities were carried on within this state by or on behalf of the defendant; or
>
> **(b)** Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

In this case, EEI does not meet the criteria for personal jurisdiction under Wisconsin' long-arm statute.

At the time of the occurrence of the alleged damages, EEI did not solicit or carry out service activities in Wisconsin, nor were any products, materials or things processed, serviced or manufactured by EEI used or consumed in Wisconsin in the ordinary course of trade. As stated above, EEI has no offices or employees in Wisconsin, it is not registered to do business in Wisconsin, it does not own assets, including real or tangible property, of any kind in Wisconsin, and it does not advertise in Wisconsin. *Sillett Aff.*, ¶¶ 3-6. Consequently, the Wisconsin statutes do not permit personal jurisdiction over EEI.

While the court's analysis can stop here due to the long-arm statute factors not being met, the exercise of jurisdiction over EEI also does not comport with due process. Courts consider five factor in its due process analysis, including: (1) the quantity of the defendant's contacts with the state; (2) the nature and quality of the defendant's contacts with the state; (3) the source and connection of the cause of action with those contacts; (4) the interests of Wisconsin in the action; and (5) the convenience to the parties of employing a Wisconsin forum. *Rasmussen v. General Motors Corp.*, 2011 WI 52, ¶ 21, 335 Wis. 2d 1, 803 N.W.2d 623; *Clement v. United Cerebral Palsy of S.E. Wis., Inc.*, 87 Wis. 2d 327, 334-35, 274 N.W.2d 688 (1979).

The first three factors are not satisfied as EEI has no offices or employees in Wisconsin, it is not registered to do business in Wisconsin, does not own assets, including real or tangible property, of any kind in Wisconsin, and does not advertise in Wisconsin. Also, Wisconsin does not have a strong interest in this action because the claim did not arise in Wisconsin. Finally, Wisconsin is an extremely inconvenient forum because of the difficulty and in many instances impossibility of obtaining evidence and witness subpoenas in this jurisdiction. Further, maintaining this action would be inefficient and financially cumbersome as an ongoing action in Canada already exists.

In sum, under Wisconsin's long-arm statute and under the Due Process Clause, this Court lacks personal jurisdiction over EEI. Therefore, this action should be dismissed.

> **B.** *This Court Is Not the Proper Venue Pursuant to the Carmack Amendment's Venue Provisions.*

Plaintiff brings this action pursuant to 49 U.S.C. § 14706, commonly known as the "Carmack Amendment". *Pl.'s Compl.*, ¶ 7.

The venue provisions of the Carmack Amendment relating to carriers under receipts of Bills of Lading are set forth in 49 U.S.C. § 14706(d) as follows:

(d) Civil Actions. –

(1) *Against delivering carrier.* - A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

(2) *Against carrier responsible for loss.* - A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

Under § 14706(d)(1), the venue is limited to the state through which the defendant carrier operates. This section does not permit suit in Wisconsin because EEI did not operate "through" Wisconsin since such a definition requires the particular load to have been brought through the state. *See Winona Foods, Inc. v. Timothy J. Kennedy, Inc*., No. 07-C-1003, 2008 WL 2570600, ¶ 7 (E.D.Wis. Jun. 26, 2008)("The basic thrust of [the Carmack Amendment venue] provisions is that the operations of the carrier or the locus of the injury, not the residence or place of business of the plaintiff, determines where a plaintiff may sue."); *Donaldson Technology Group, LLC v. Landstar Ranger, Inc*., 347 F.Supp. 2d 525, 527 (S.D. Ohio, 2004)("the statute's language places emphasis on the location of the operations of the carrier or the location of the damage to the goods, not the principal place of business of the plaintiff.")

Wisconsin is also not the proper venue under 49 U.S.C. § 14706(d)(2) because the Cargo was never in Wisconsin as EEI did not pick it up in Wisconsin, did not deliver it to Wisconsin, and did not transport the Cargo through Wisconsin. If the damage occurred during transport as alleged, the damage could not have occurred in Wisconsin.

The venue provisions of the Carmack Amendment are consistent with the general venue provisions of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 1391, the appropriate provision in section (b) states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

EEI operates and is domiciled in Canada, more than a substantial part of the events giving rise to the claim took place outside of Wisconsin, the property was never transported through Wisconsin, and the damage was discovered in Washington. Therefore, the Eastern District of Wisconsin is the improper venue for this action, necessitating dismissal.

## CONCLUSION

Because Canada is the proper forum for this action and because no personal jurisdiction exists over the Defendant and this Court is not the proper venue, the Defendant respectfully requests that this Court dismiss this case.

Dated this 14th day of February, 2020.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Attorneys for Equipment Express, Inc.

*/s/Patricia A. Stone*
Patricia A. Stone
SBN: 1079285

U.S. POSTAL ADDRESS
740 North Plankinton Avenue
Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816
Fax: 414-276-8819
Email: Patricia.Stone@WilsonElser.com

13

Case 2:19-cv-01620-PP   Filed 02/14/20   Page 13 of 13   Document 7