UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

COOK LOGISTICS, LLC,
a Wisconsin limited liability company,
individually and as assignee of HITEC
POWER PROTECTION, INC.,

        Plaintiff,

        v.                                      Case No. 2:19-cv-1620

EQUIPMENT EXPRESS, INC.,
a Canadian corporation,

        Defendant.

## COOK LOGISTICS, LLC'S RESPONSE
## TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff, COOK LOGISTICS, LLC ("Cook"), by and through its counsel, Blitch Westley Barrette, and, pursuant to Local Rule 7(b), responds to the Motion to Dismiss filed by Defendant, EQUIPMENT EXPRESS, INC. ("EEI"), as follows:

### INTRODUCTION

EEI has moved to dismiss this matter under the doctrine of *forum non conveniens*, or, in the alternative, for lack of personal jurisdiction and/or improper venue under the Carmack Amendment and Federal Rule of Civil Procedure 12(b)(2)-(b)(3). Contrary to Defendant's arguments, EEI is subject to personal jurisdiction in this Court, and this District is a proper venue for this matter. Further, EEI has not presented sufficient reasons to rebut the strong presumption in favor of maintaining Cook's chosen forum. For these reasons, Defendant's motion must be denied.

## STATEMENT OF RELEVANT FACTS

Cook filed its Complaint in this matter on November 4, 2019, sounding in two counts: (1) breach of contract; and (2) liability under the Carmack Amendment (49 U.S.C. § 14706). [Docket No. 1]. Curiously, although Cook's primary claim against EEI is based on breach of contract, EEI's motion to dismiss barely addresses the parties' agreement.[1] Cook and EEI executed a Broker-Carrier Agreement ("BCA") on or about January 30, 2018. [Docket No. 1-1]. Prior to the execution of the BCA, EEI sent a "carrier packet" to Cook, in Wisconsin, in order to allow Cook to properly vet EEI before entering into the BCA. [*See*, Declaration of Tom Cook, submitted herewith and referred to herein as "Cook Dec.," ¶ 4]. Thereafter, EEI returned a signed BCA to Cook in Wisconsin, thereby consummating the parties' relationship. [Cook Dec., ¶ 5].

Under the terms of the BCA, EEI retained Cook – a Wisconsin limited liability company headquartered in Delavan, Wisconsin – as its "agent for the solicitation and dispatch of merchandise available for transportation." [Docket No. 1-1, ¶ 6; Cook Dec., ¶ 6]. This retention included the "full power and authority to act in [EEI's] behalf for the sole purpose of securing merchandise and accepting payment for transportation." *Id*. EEI also retained Cook as its agent for collection of freight charges. [Docket No. 1-1, ¶ 6, 11].

Under the BCA, Cook found transportation business for EEI, and Cook would communicate such leads from Cook's principal place of business in Wisconsin. [Cook Dec., ¶

---

[1] Notably, EEI's affiant, Brian Sillett, admits that he has only been working for EEI since October 2018, and thus would not have personal knowledge regarding the formation of the parties' agreement or the parties' interactions thereunder prior to October 2018. [*See*, Docket No. 6-2, ¶ 1].

2

7]. After EEI completed transportation brokered by Cook, the BCA required EEI to submit freight bills, bills of lading, and delivery receipts to Cook *in Wisconsin* in order to receive payment under the Agreement. [Docket No. 1-1, ¶ 5; Cook Dec., ¶ 8]. EEI did, in fact, submit invoices with such paperwork to Cook, *in Wisconsin*, on numerous occasions. [Cook Dec., ¶¶ 10-11]. Cook would seek payment of freight charges on EEI's behalf from Cook's principal place of business in Wisconsin. [Cook Dec., ¶ 9]. Cook would receive freight charge payments on behalf of EEI for services provided by EEI at Cook's principal place of business in Wisconsin, and then Cook would initiate payments to EEI from Wisconsin. [Cook Dec., ¶¶ 9-12].

The case filed by EEI in Ontario, referenced in EEI's motion to dismiss, seeks only payment of EEI's freight charges associated with the damaged shipments. [Docket No. 6-2, pp. 68-73]. By contrast, the instant matter deals with the actual damage to the shipments. Under the BCA, EEI agreed to be liable for "loss or damage to any property transported under this contract." [Docket No. 1-1, ¶ 8]. EEI further agreed that such liability would be "for the full value of the item." *Id*. Finally, EEI agreed that all claims for loss and damage between Cook and EEI are to be governed by the United States Federal Regulations regarding such claims. [Docket No. 1-1, ¶ 9].

3

**ARGUMENT**

Because some of the same facts giving rise to jurisdiction can be determinative of the venue question, Cook will address personal jurisdiction first, then proper venue under Carmack and the applicable statutes, and finally the *forum non conveniens* issue.

**I.      This Court has Personal Jurisdiction over EEI**

A Federal court generally has personal jurisdiction over a nonresident defendant if a court of the state in which that court sits would have jurisdiction over the lawsuit. *Langeman Mfg., Ltd. v. Pinnacle W. Enters.*, 524 F.Supp.2d 1112, 1115 (W.D. Wis. 2007). As an initial matter, EEI consented to personal jurisdiction in the state of Wisconsin, and, therefore, no further jurisdictional analysis is necessary. *Ocepek v. Corporate Transport, Inc.*, 950 F.2d 556, n.1 (8th Cir. 1991). Nonetheless, even if EEI had not consented to jurisdiction (which it did), EEI's interactions with Cook establish personal jurisdiction under the "two-step inquiry" applying both the Wisconsin long-arm statute and traditional due process notions of fair play and substantial justice. *Langeman*, 524 F.Supp.2d at 1115-16. For these reasons, as explained in more detail herein, EEI's motion to dismiss in the basis of lack of personal jurisdiction must be denied.

   A.   <u>EEI consented to personal jurisdiction in Wisconsin</u>.

The Seventh Circuit has held that a foreign corporation, like the Defendant, can waive the requirement of "minimum contacts" establishing personal jurisdiction where the corporation agrees to designate an agent for service of process within a given jurisdiction. *R.R. Donnelley & Sons Co. v. Jet Messenger Serv.*, 2003 U.S. Dist. LEXIS 25421, *13-14 (N.D. Ill. 2003), *citing Employers Ins. Of Wausau v. Banco De Seguros Del Estado*, 199 F.3d 937, 943

4

(7th Cir. 2000). Under Federal law, a motor carrier is required to designate an agent for service of process "in each State in which it operates." 49 U.S.C. §13304(a) (2020). The designation of an agent for service of process pursuant to such a Federal statute is sufficient to confer personal jurisdiction over a carrier in the states in which that carrier makes such a designation. *Jet Messenger*, at \*14; *Ocepek v. Corporate Transport, Inc.*, 950 F.2d 556, 557-58 (8th Cir. 1991)[2]. Such a designation is equivalent to consenting to jurisdiction within a given state. *Id*.

A review of the public records maintained and published by the Federal Motor Carrier Safety Administration ("FMCSA") reveals that EEI has designated an agent for service of process in each state through which it operates, including Wisconsin, pursuant to §13304. In Wisconsin, EEI has designated Christopher Walther of Milwaukee as its agent. (*See*, FMCSA Records, submitted herewith as "Response Exhibit 1").[3] By doing so, EEI has consented to personal jurisdiction in this District, and this Court's jurisdictional analysis can end here.

> B. <u>EEI's interactions with Cook establish personal jurisdiction under the Wisconsin Long-Arm Statute.</u>

Under Wisconsin's long arm statute, personal jurisdiction will be found where the defendant "is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." WIS. STAT. 801.05(1)(d) (2020). In

---

[2] *See, also*, *Wynne v. Queen City Coach Co.*, 49 F.Supp. 103, 103-04 (D.N.J. 1943)(designation of agent for service of process in New Jersey subjected North Carolina motor carrier to personal jurisdiction in New Jersey, even where accident occurred in Tennessee).

[3] The FMCSA Company Snapshot for EEI shows that EEI has designated Process Agent Service Company, Inc. as its "blanket company" for service of process in 48 states. (Resp. Ex. 1, p. 1). In turn, the FMCSA records for Process Agent Service Company, Inc. reveals Christopher Walther of Milwaukee, Wisconsin as the designated agent for service of process in Wisconsin. (Resp. Ex. 1, p. 4). As official publications issued by a public authority, these documents are self-authenticating under Federal Rule of Evidence 902(5).

5

addition, the long arm statute confers personal jurisdiction over nonresidents where an act or omission committed outside Wisconsin gives rise to an injury within the state. *Kopke v. A. Hartrodt S.R.L.*, 629 N.W.2d 662, 668 (Wis. 2001); WIS. STAT. 801.05(4) (2020). Finally, personal jurisdiction arises under the long-arm statute out of "services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant." WIS. STAT. 801.05(5)(b) (2020). Wisconsin's long-arm statute is to be liberally construed in favor of jurisdiction, and any factual doubts are to be resolved in favor of the plaintiff asserting jurisdiction. *Kopke*, at 668.

Here, EEI engaged in substantial activities directed toward Wisconsin. EEI sent its "carrier packet" to Cook, in Wisconsin, in order to be considered for the BCA. [Cook Dec., ¶ 4]. Once EEI signed the BCA, it returned the Agreement to Cook in Wisconsin, thereby consummating the parties' relationship. [Cook Dec., ¶ 5].

Significantly, EEI expressly designated Cook, a Wisconsin company, as its agent for solicitation of transportation business and collection of freight charges, thereby establishing a continuous, long-term presence within Wisconsin. [Docket 1-1, ¶¶ 6, 11]. Cook did, in fact, act as EEI's agent in Wisconsin by soliciting business on behalf of EEI and collecting freight charges on behalf of EEI from Cook's place of business in Wisconsin. [Cook Dec., ¶¶ 7, 9]. On each shipment, the parties' performance under the BCA was not complete until EEI sent the required paperwork and invoices to Wisconsin for payment and payment was issued by Cook out of Wisconsin. [Cook Dec., ¶¶ 8-12]. These activities were not limited to the shipments at issue in this litigation, but, instead, amounted to a regular course of business

6

between EEI and Cook. Accordingly, EEI is subject to personal jurisdiction under subsection (1)(d) of the long-arm statute.

In addition, as alleged in Cook's Complaint, Cook was injured in Wisconsin by the acts or omissions on the part of EEI giving rise to this litigation. Although the cargo loss at issue traversed from Ontario, Canada to Redmond, Washington, Cook was injured by EEI's failure to properly transport the cargo when Cook was subjected to claims – directed to it in Wisconsin – from its customer for the damage to the cargo. [Cook Dec., ¶ 13] Under subsection (4)(a) of the long-arm statute, EEI is subject to jurisdiction for such a local injury where "[s]oliciation or service activities were carried on within this state by or on behalf of the defendant." WIS. STAT. §801.05(4)(a) (2020). As previously noted, EEI expressly designated Cook as its agent for solicitation of transportation business under the terms of the BCA. (Comp. Ex. A, ¶ 6). On the shipments at issue, Cook did in fact solicit such transportation on behalf of EEI from Cook's place of business in Wisconsin, and Cook contacted EEI from its Wisconsin location in order to arrange for such transportation. [Cook Dec., ¶ 7] Thereafter, Cook suffered a local injury in Wisconsin when EEI's actions resulted in Cook not receiving payment for its services. Under subsection (4)(a) of the long-arm statute, such a local injury caused by a foreign act confers jurisdiction over the foreign actor: EEI.

Finally, as noted above, subsection (5)(b) of the Wisconsin long-arm statute establishes personal jurisdiction over a defendant where the plaintiff provides services for the defendant within Wisconsin if such performance "was authorized or ratified by the defendant." WIS. STAT. 801.05(5)(b) (2020). As expressly set forth in the BCA, EEI designated Cook as its agent

7

to perform services for EEI in Wisconsin, and Cook actually performed those authorized services.

EEI's contentions that it has no offices or employees in Wisconsin, is not registered to do business in Wisconsin, and does not own any assets or property in Wisconsin are of little import. "For the exercise of personal jurisdiction, the defendant need not have been physically present in the state, but need only have acted indirectly within the forum state." *Wisconsin Electrical Mfg. Co. v. Pennant Products, Inc.*, 619 F.2d 676, n.6 (7th Cir. 1980), *citing Fisons, Ltd. v. U.S.*, 458 F.2d 1241, 1250-52 (7th Cir., 1972). Here, EEI engaged in substantial activities directed toward Wisconsin, benefitted from the solicitation of business and/or performance of services by Cook on EEI's behalf in Wisconsin, and expressly authorized Cook to perform services – including the solicitation of business and collection of freight charges – on EEI's behalf from Cook's place of business in Wisconsin. Under Wisconsin's long-arm statute, each of these activities is sufficient to confer personal jurisdiction on EEI in Wisconsin.

C. <u>This Court's exercise of personal jurisdiction over EEI is consistent with traditional notions of fair play and substantial justice.</u>

In order to determine whether the exercise of jurisdiction over a nonresident defendant comports with due process, this Court must determine whether (1) EEI purposefully directed its activities at residents of Wisconsin; (2) the claim arises out of or relates to EEI's activities directed toward Wisconsin; and (3) the exercise of personal jurisdiction is reasonable and fair. *Langeman Mfg., Ltd. v. Pinnacle W. Enters.*, 524 F.Supp.2d 1112, 1118 (W.D. Wis. 2007). As already noted, EEI purposefully directed a number of activities at Cook in Wisconsin, and further benefited from Cook's own work performed on EEI's behalf in Wisconsin. These activities were continuous and systematic enough to establish general personal jurisdiction

8

over EEI in Wisconsin. *Id*. By entering into a contractual relationship with Cook, whereby Cook would act as EEI's agent in Wisconsin to obtain transportation business for EEI and collect freight charges on EEI's behalf, EEI "purposefully availed itself" of the privilege of conducting business in Wisconsin with Cook. *Id*., *citing Int'l Medical Group, Inc. v. American Arbitration Association, Inc*., 312 F.3d 833, 846 (7th Cir. 2002). As such, this Court's exercise of jurisdiction over EEI is fair and reasonable.

For all of the reasons stated herein, EEI is subject to personal jurisdiction in this District, and its motion to dismiss based on a lack of such jurisdiction must be denied.

### II. Venue is proper in this District under both Carmack and the Federal venue statute.

EEI's argument that this matter should be dismissed for improper venue lacks any statutory or other basis. Under the Carmack Amendment, venue is appropriate against delivering carriers "in a district court of the United States or in a State Court." 49 U.S.C. §14706(d)(1) (2020). According to that section, trial in a district court shall proceed "in a judicial district…through which the defendant carrier operates." *Id*. In its motion, EEI's attorneys claim that EEI does not operate "through" Wisconsin. EEI's own representations to the FMCSA say the opposite, however. As noted above, EEI designated an agent for service of process in Wisconsin – namely, Christopher Walther in Milwaukee. (Resp. Ex. 1) In doing so, EEI has admitted that it "operates" in Wisconsin, pursuant to 49 U.S.C. §13304, which states that a motor carrier, like EEI, shall designate such an agent only "in each State in which it operates." 49 U.S.C. §13304(a) (2020). Venue is therefore appropriate in this District as EEI has admitted that it "operates" in Wisconsin. *See, also*, *Central Rigging & Contracting Corp. v. J.E. Miller Transfer & Storage Co.*, 199 F.Supp. 40, 43 (W.D. Pa. 1961)(appointment of

9

agent in Pennsylvania amounted to consent by West Virginia motor carrier to be sued in Pennsylvania, even when cargo loss was alleged to have occurred in West Virginia).

Likewise, venue is proper in this District under the Federal venue statute, 28 U.S.C. §1391. First, §1391 does *not* contain the language cited by EEI. *See*, 28 U.S.C. §1391 (2020). In its motion, EEI has apparently relied on a prior version of §1391(b), which was amended in 2011. Since 2012, §1391(b) now states:

> **(b) Venue in general.** A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b) (2020).

As established above, EEI is subject to this Court's personal jurisdiction, and thus venue would be proper under § 1391(b)(3). Further, §1391(c) defines residency for venue purposes, and states that an entity such as EEI "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. §1391(c)(2) (2020). Again, EEI is subject to this Court's personal jurisdiction and is therefore deemed to reside in this District for venue purposes, under §1391(c). Accordingly, venue is proper in this District under §1391(b)(1). Finally, even if EEI insists that it is not a resident of any judicial district in the United States, §1391(c)(3) states, in relevant part, that "[f]or all venue purposes…a defendant not resident in

the United States may be sued in any judicial district…" 28 U.S.C. §1391(c)(3) (2020). Ultimately, there are at least three bases for venue under §1391, and EEI's conclusory argument seeking dismissal under outdated statutory language should be disregarded.

### III. EEI has not presented sufficient reasons to warrant dismissal pursuant to the *forum non conveniens* doctrine.

The doctrine of *forum non conveniens* presents an exceptional remedy that must only be used sparingly. *Deb v. Sirva*, 832 F.3d 800, 805 (7th Cir. 2016). "The exceptional nature of a dismissal for *forum non conveniens* means that a defendant invoking it ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Id*. at 806. Indeed, dismissal pursuant to *forum non conveniens* is only appropriate when "'trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience.'" *GE Healthcare v. Orbotech, Ltd.*, 2009 U.S. Dist. LEXIS 72221, *38 (E.D. Wis. 2009), *quoting Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). Here, EEI has not established anything close to "oppressiveness" or "vexation." At best, EEI argues that proceeding in Canada would be more convenient for EEI. However, the doctrine of *forum non conveniens* is not designed to "simply shift the inconvenience of litigation from the defendant to the plaintiff." *Philiotis v. Exec. Mfg. Techs., Inc.*, 2004 U.S. Dist. LEXIS 21723, *14 (N.D. Ill. 2004). For the reasons that follow, EEI's *forum non conveniens* motion must be denied.

#### A. Standard for <u>Forum Non Conveniens Analysis</u>

. "In the Seventh Circuit, the court's determination [regarding forum non conveniens] should include consideration of the following factors: 1) availability of an adequate alternative forum; 2) appropriate deference to the plaintiff's choice of forum; 3) 'public interest' factors; and 4) 'private interest' factors." *Philiotis v. Exec. Mfg. Techs., Inc.*, 2004 U.S. Dist. LEXIS

11

21723, *4 (N.D. Ill. 2004), *citing Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802-05 (7th Cir. 1997) and *Macedo v. Boeing Co.*, 693 F.2d 683, 686-90 (7th Cir. 1982). EEI does not even address the second factor – deference to the plaintiff's choice of forum – which "puts a heavy thumb" on Cook's side of the scale and favors keeping the case in this District. *GE Healthcare*, at *40. An analysis of EEI's arguments regarding the other factors reveals that EEI's true motivation for its *forum non conveniens* motion is less about convenience and more about gaining a tactical advantage over Cook.

        B.  <u>An available and adequate alternative forum</u>.

EEI argues that Canada provides an available and adequate alternative forum to this District Court. While this may be technically true, EEI's argument that "the Highway Traffic Act provides Cook a potential remedy" reveals EEI's true motivation for preferring Ontario, Canada over Wisconsin. As set forth in the copy of the Highway Traffic Act attached to the affidavit of EEI's counsel, the Highway Traffic Act automatically imposes a limit on the amount of loss or damage for which the carrier is liable. [Docket 6-1, p. 8, ¶ 9]. That limit is the <u>lesser</u> of (a) the value of the goods at the place and time of shipment, or (b) CA$4.41 per kilogram computed on the total weight of the shipment.[4] This limitation flies in the face of EEI's promise, under the BCA, to be liable for the "full value" of any item lost or damaged while transported by EEI pursuant to the BCA. [Docket No. 1-1, ¶ 8]. While Cook may still be able to invoke EEI's contractual promise of full liability in a Canadian court, EEI's push to move this matter to Canada is quite obviously just an attempt to find a more sympathetic forum

---

[4] CA$4.41 per kilogram equals approximately CA$2.00 per pound, or $1.42 per pound in U.S. dollars.

that is less likely to enforce EEI's contractual promise to be responsible for the full value of the items damaged during transit by EEI.

### C. Deference to Plaintiff's choice of forum.

As noted, EEI does not address the fact that Cook chose to file this matter in Cook's home forum of Wisconsin. This "oversight" on EEI's part is likely because "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). "Ordinarily, the trial court should not supplant the plaintiff's choice of forum." *Kamel v. Hill-Rom Co*., 108 F.3d 799, 803 (7th Cir. 1997). "When the plaintiff chooses his home forum, it is reasonable to assume that the choice is convenient." *Id*. As such, EEI "'bears a heavy burden in opposing plaintiff's chosen forum." *GE Healthcare v. Orbotech, Ltd*., 2009 U.S. Dist. LEXIS 72221, *41 (E.D. Wis. 2009), *quoting Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

Notably, none of the cases relied upon by EEI involve a plaintiff who filed in its home forum. Further, EEI has failed to present sufficient facts to show that the private and public interests "strongly favor" disturbing Cook's choice of forum. *Hayes Bicycle Group, Inc. v. Muchachos Int'l Co., Ltd*., 2008 U.S. Dist. LEXIS 92360, *15 (E.D. Wis. 2008).

### D. The private and public interests do not strongly favor dismissal.

As an initial matter, EEI's analysis of the private and public interests is marred by its blatant misrepresentation of the holding of *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Specifically, on page 6 of its motion, EEI purports to quote *Piper Aircraft* as saying: "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference [to

13

defendants]." The bracketed language – "[to defendants]" – does not appear in the *Piper Aircraft* decision; it was apparently added by EEI in an attempt to misrepresent the *Piper Aircraft* holding as establishing a standard of deference in favor of defendants in the *forum non conveniens* analysis. There is no such standard. To the contrary, as set forth above, the only party to be paid substantial deference in the *forum non conveniens* analysis is the plaintiff who choses to file in its own home forum. The quoted language from *Piper Aircraft* establishes that a <u>district court's decision</u> regarding *forum non conveniens* is entitled to substantial deference. EEI's attempt to misconstrue that holding taints its entire analysis of the private and public factors at play in this matter.

The private interests that this Court should analyze include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the possibility of viewing the premises; and (5) all other practical problems that make trial of a case easy, efficient and economical. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997). EEI's analysis of these factors is rife with misrepresentations and self-serving characterizations.

For example, with regard to the first private factor – ease of access to sources of proof – EEI claims that "[a]ll aspects of the subject shipment occurred outside of Wisconsin." [Docket No. 7, p. 7]. As established herein, this statement is not true, as the contract giving rise to the subject shipment was executed in Wisconsin and Cook first contacted EEI regarding the shipment from Wisconsin. Further, EEI acknowledges that Cook's relevant records are located in Wisconsin, as are Cook's witnesses. The "existence of a plethora of other relevant

14

records possessed by other entities located outside of this state" does not weigh in favor of dismissal, because EEI fails to establish how requiring Cook to bring its action in Canada would somehow alleviate that issue. Indeed, the only party that would benefit from such a move would be EEI, as HITEC's records would still be in Texas (or the Netherlands), AT&T's records would still be in Washington, and the cargo itself would still be located in Washington. Maintaining Cook's choice of forum in its home state arguably creates a better solution as it provides a centralized location among the various out-of-state sources of proof. EEI's preferred forum in Canada would actually make it more difficult to access these sources of proof, and EEI's argument in this regard falls flat.

Similarly, EEI's argument regarding compulsory process focuses only on convenience to EEI. EEI asserts, without any reference to any evidence whatsoever, that "[m]ost of the key witnesses are located in Canada." In fact, as EEI itself admits, many of the key witnesses are located in Wisconsin (Cook), Texas (HITEC), and Washington (AT&T). EEI offers no evidence that a Canadian court would have the power to compel entities and/or witnesses from Wisconsin, Texas, and Washington to participate in discovery in Canada. Meanwhile, pursuant to Federal Rule of Civil Procedure 45, a subpoena issued by this Court "may be served at any place within the United States," thereby permitting this Court to compel compliance by entities and/or witnesses in Wisconsin, Texas, and Washington. FED. R. CIV. P. 45(b)(2) (2020). Further, with respect to documents located in Canada, "it is well settled that foreign defendants may be compelled to produce documents that are physically located outside the United States." *Philiotis v. Exec. Mfg. Techs., Inc.*, 2004 U.S. Dist. LEXIS 21723, *12-13 (N.D. Ill. 2004).

15

Contrary to EEI's argument, this factor actually weighs in favor of keeping Cook's choice of its home forum intact.

EEI does not even bother to address the other private interest factors, including the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises; and all other practical problems that make trial of a case easy, efficient and economical. With regard to the cost of obtaining attendance of willing witnesses, this factor is at worst a wash, though the central location of Wisconsin with respect to Ontario, Texas, and Washington pushes this factor in Cook's favor. Further, although the need to view the premises is likely remote, should the parties wish to investigate the actual cargo at issue, Wisconsin is a lot closer to the cargo's location (in Redmond, Washington) than Ontario is. Finally, while consolidation of this case with EEI's claim for freight charges in Ontario may make matters "easy, efficient, and economical" for EEI, there is no evidence that it will achieve those ends for any other party or witness in this action.

Meanwhile, the public factors at play in this analysis include (1) administrative difficulties stemming from court congestion; (2) the local interest in having localized disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997).

With regard to the first factor – court congestion – statistics for the Superior Court of Ontario indicate that there were 73,312 new civil proceedings commenced in that court in 2018

(the last year for which such statistics are available).[5] By contrast, the Eastern District of Wisconsin only saw 2,047 new civil case filings from March 2018 through March 2019.[6] Although EEI may have already filed its freight charge claim in Ontario, that is no justification for further burdening that court with the much more complex claims at issue here. (Indeed, based on the stark difference in court congestion, this factor mitigates in favor of EEI transferring its claim to this District, not the other way around).

EEI barely addresses the local interest factor, again because it weighs heavily in favor of Cook. Wisconsin residents clearly have an interest in seeing a dispute involving a Wisconsin LLC decided in this District. The fact that Cook does business outside Wisconsin is of no consequence. EEI has presented no evidence to counter the local interest in seeing Cook's claim decided in its home forum.

The next two factors are, at best, a push. EEI claims that the bill of lading imposes Canadian law. However, the BCA specifically states that cargo claims like the one at issue in this case shall be governed by the United States Code of Federal Regulations applicable to such claims. Further, Count II of Cook's Complaint is brought pursuant to the Carmack Amendment, and EEI does not dispute that Carmack would apply to the shipments at issue. This Court is better suited to apply American law to these claims. To the extent EEI argues that Canadian law should apply to these claims, "the fact that a federal court may be required

---

[5] *See*, The Superior Court of Justice: Enhancing Public Trust, Report for 2017 and 2018, https://www.ontariocourts.ca/scj/files/annualreport/2017-2018-EN.pdf (accessed on April 24, 2020), pp. 12-13.

[6] *See*, Table C – U.S. District Courts – Civil Federal Judicial Caseload Statistics (March 31, 2019), https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2019 (accessed on April 24, 2020).

17

to apply foreign law is not dispositive" in the *forum non conveniens* context. *Williams v. Wilson*, 2005 U.S. Dist. LEXIS 37155, *10 (W.D. Wis. 2005). Nothing in EEI's motion indicates that the Ontario court is better equipped than this Court to settle a conflict of laws issue and/or apply the appropriate law. Once again, EEI's focus appears to be on its own tactical advantage rather than an assessment of true convenience.

Finally, there is no unfairness in burdening Wisconsin residents with jury duty to decide claims brought by a Wisconsin company. First, neither party has filed a jury demand in this matter, rendering such a consideration moot. But even if one of the parties had filed a jury demand, Wisconsin residents clearly have an interest in seeing that a Wisconsin company's claims are adjudicated in its home forum.

Ultimately, EEI's analysis of the *forum non conveniens* factors fails to meet the heavy burden required to overcome Cook's choice of its home forum. It is not enough for EEI to suggest that there exists another convenient forum. Indeed, it is not even enough for EEI to claim that Ontario is a more convenient forum. EEI was required to show that the private and public factors "clearly point" toward dismissal. *Philiotis v. Exec. Mfg. Techs., Inc.*, 2004 U.S. Dist. LEXIS 21723, *9-10 (N.D. Ill. 2004). EEI has failed to fulfill this burden. At best, EEI's analysis explains how moving this matter to Canada would be marginally more convenient…for EEI. However, as previously noted, *forum non conveniens* is not a mechanism for merely shifting inconvenience from defendant to plaintiff. Id. at *14. For these reasons, EEI's motion must be denied.

WHEREFORE, Plaintiff, COOK LOGISTICS, LLC, hereby requests this Honorable Court enter an Order denying Defendant's Motion to Dismiss and/or granting Plaintiff such other relief as this Court deems just and appropriate.

Dated: April 24, 2020

    Respectfully submitted,

*/s/ Ryan A. Mahoney*
RYAN A. MAHONEY, ESQ.
Illinois Bar No.: 6275418
rmahoney@bwesq.com
BLITCH WESTLEY BARRETTE, S.C.
1500 Spring Road, Suite 120
Oak Brook, Illinois 60523
Telephone: (312) 283-4220
Facsimile: (608) 829-2982

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 24, 2020, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF System, causing a Notice of Electronic Filing to be sent to all counsel of record.

*/s/ Ryan A. Mahoney*
RYAN A. MAHONEY
