# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

COOK LOGISTICS, LLC,
a Wisconsin limited liability company,
individually and as assignee of HITEC
POWER PROTECTION, INC.,

      Plaintiff,

v.

      Case No. 2019-CV-1620

EQUIPMENT EXPRESS, INC.
a Canadian corporation,

      Defendant.

## EQUIPMENT EXPRESS, INC.'S ANSWER & AFFIRMATIVE DEFENSES

**NOW COMES** Defendant Equipment Express, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiffs' Complaint as follows:

### PARTIES

1. Answering paragraph 1, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

2. Answering paragraph 2, Defendant admits.

3. Answering paragraph 3, based upon information and belief, Defendant admits that HITEC Power Protection, Inc. ("HITEC") is in the business of providing power protection solutions and affirmatively states HITEC is a Netherlands corporation, incorporated in Texas.

4. Answering paragraph 4, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

5. Answering paragraph 5, Defendant admits it is a motor carrier and that the Federal Motor Carrier Safety Administration has granted it authority for interstate operations, under motor carrier number 246509. Defendant denies any remaining allegations in paragraph 5 of the Complaint.

6. Answering paragraph 6, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

## JURISDICTION AND VENUE

7. Answering paragraph 7, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

8. Answering paragraph 8, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

9. Answering paragraph 9, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

10. Answering paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies. In further answering, Defendant states the contract was not executed in Delevan, Wisconsin.

## COUNT I
## BREACH OF CONTRACT
## (by COOK, individually)

11. Answering paragraph 11, Defendant realleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

12. Answering paragraph 12, Defendant admits.

13. Answering paragraph 13, Defendant denies that it agreed to Cook Logistics, LLC ("Cook") soliciting any business on its behalf in the State of Wisconsin. Defendant admits it agreed

2
1450748v.1
Case 2:19-cv-01620-PP   Filed 09/04/20   Page 3 of 7   Document 23-1

to transport certain shipments for Cook's clients from Canada to the United States and that it agreed to allow Cook to collect freight charges on its behalf. Defendant denies any remaining allegations in paragraph 13 of the Complaint.

14. Answering paragraph 14, Defendant denies.

15. Answering paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

16. Answering paragraph 16, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

17. Answering paragraph 17, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

18. Answering paragraph 18, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

19. Answering paragraph 19, Defendant denies.

20. Answering paragraph 20, Defendant denies.

## COUNT II
## LIABILITY UNDER THE CARMACK AMENDMENT
### (brought as assignee of HITEC)

21. Answering paragraph 21, Defendant realleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

22. Answering paragraph 22, Defendant denies.

23. Answering paragraph 23, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

24. Answering paragraph 24, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

25. Answering paragraph 25, Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

26. Answering paragraph 26, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

27. Answering paragraph 27, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

28. Answering paragraph 28, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

29. Answering paragraph 29, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

## AFFIRMATIVE DEFENSES

**NOW COMES**, Defendant, Equipment Express, Inc. ("Defendant"), by and through its undersigned counsel, hereby alleges and shows to the Court, upon information and belief, the following affirmative defenses:

1. That the damages sustained by the Plaintiff, if any, was caused in whole or in part by the acts or omissions of the Plaintiff or persons other than this Defendant and for whom this Defendant is not responsible and has no control.

2. That Plaintiff's claims may be barred in whole or in part due to lack of standing including due to lack of any evidence to establish that Plaintiff is an assignee of the alleged damages incurred, if any, by HITEC.

4

3. That Plaintiff's claims may be barred in whole or in part due to its own contributory and/or comparative negligence for its claimed losses.

4. The Plaintiff's claims may be barred in whole or in part due to the contributory and/or comparative negligence of HITEC.

5. That Plaintiff's damages, if any, are the result of unrelated, pre-existing, subsequent conditions, or actions unrelated to this Defendant's conduct.

6. That Plaintiff may have failed to state a claim upon which relief may be granted.

7. That Plaintiff's claims are subject to and may be barred by contractual provisions, terms, conditions, exclusions, and limitations contained within the applicable contract.

8. That Plaintiff's claims are subject to limitations or waivers based either on contract or operation of law.

9. That Plaintiff's claims may be barred due to the absence of a condition precedent.

10. That Plaintiff's alleged injuries may have been caused by its own carelessness and/or negligence.

11. That Plaintiff may have failed to mitigate its damages.

12. The Plaintiff's claims may be barred in whole or in part due to HITEC's failure to mitigate damages.

13. That Defendant is entitled to offset for any damages which may be awarded to the Plaintiff due to Plaintiff's failure to pay owed freight charges and all costs and fees related to the effort to collect same, as more specifically set out in the case currently pending in Canada against the Plaintiff for failure to pay said freight charges.

14. Plaintiff's claims may be barred for failure to implead necessary parties.

15. That Defendant reserves all objections to the jurisdiction of this Court, as more specifically stated in the Defendant's Motion to Dismiss and by filing this Answer, Affirmative Defenses and Notice of Application of Foreign Law does not waive its jurisdictional objections or its right to seek relief from the Court Order pursuant to Fed. R. Civ. P. 60, appeal the decision, and/or other remedies as may be available.

### NOTICE OF APPLICATION OF FOREIGN LAW

PLEASE TAKE NOTICE, Defendant, Equipment Express, Inc. ("Defendant"), by and through its undersigned counsel, under Fed. R. Civ. P. 44.1, hereby provides notice of its intent to apply foreign law to this action. This includes the Highway Traffic Act of Ontario, Canada and all other applicable laws of Ontario, Canada.

**WHEREFORE**, Defendant, Sparkplug Capital LLC, demands judgment as follows:

a. for a dismissal of the Plaintiffs' Complaint upon its merits;

b. for the costs and disbursements of this action; and

c. for such other relief as this court deems just and equitable.

**DEFENDANT HEREIN DEMANDS A JURY OF TWELVE.**

Dated this 4th day of September, 2020.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Attorneys for Equipment Express, Inc.

*/s/Beata Shapiro*
Beata Shapiro
Beata.Shapiro@wilsonelser.com
Patricia A. Stone
State Bar No: 1079285
Patricia.Stone@WilsonElser.com

**U.S. Postal Address**
260 Franklin Street, 14th Floor
Boston, MA 02110-3112
Phone: 617-422-5300

740 North Plankinton Avenue
Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816