COOK LOGISTICS, LLC,
a Wisconsin limited liability company,
individually and as assignee of HITEC
POWER PROTECTION, INC.,

        Plaintiff,

Case No. 2019-CV-1620

v.

EQUIPMENT EXPRESS, INC.
a Canadian corporation,

        Defendant.

# EQUIPMENT EXPRESS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COMES** Defendant Equipment Express, Inc. ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiffs' Complaint as follows:

## PARTIES

1. Answering paragraph 1, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

2. Answering paragraph 2, Defendant admits.

3. Answering paragraph 3, based upon information and belief, Defendant admits that HITEC Power Protection, Inc. ("HITEC") is in the business of providing power protection solutions and affirmatively states HITEC is a Netherlands corporation, incorporated in Texas.

4. Answering paragraph 4, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

5.  Answering paragraph 5, Defendant admits it is a motor carrier and that the Federal Motor Carrier Safety Administration has granted it authority for interstate operations, under motor carrier number 246509, and denies the remaining allegations.

6.  Answering paragraph 6, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

## JURISDICTION AND VENUE

7.  The allegations contained in paragraph 7 consist of conclusions of law to which no response is required.

8.  The allegations contained in paragraph 8 consist of conclusions of law to which no response is required.

9.  The allegations contained in paragraph 9 consist of conclusions of law to which no response is required.

10. The allegations contained in paragraph 10 consist of conclusions of law to which no response is required. In further answering, Defendant denies that the contract was executed in Delevan, Wisconsin.

## COUNT I
## BREACH OF CONTRACT
## (by COOK, individually)

11. Answering paragraph 11, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

12. Answering paragraph 12, Defendant admits that it entered into a Broker-Carrier Agreement with Plaintiff, but denies all other allegations contained in paragraph 12.

13. Answering paragraph 13, Defendant admits that it agreed for Plaintiff to collect freight charges on its behalf, to forward the payment due to Defendant and to retain the part of the

1450748v.5

payment which is for the freight brokerage services that Plaintiff provided to its customer. Defendant denies all other allegations contained in paragraph 13.

14. Answering paragraph 14, Defendant denies.

15. Answering paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

16. Answering paragraph 16, Defendant denies.

17. Answering paragraph 17, Defendant admits that the shrink-wrap that was applied by and/or arranged for by Plaintiff and/or HITEC failed. In further answering, Defendant denies the remaining allegations contained in paragraph 17.

18. Answering paragraph 18, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

19. Answering paragraph 19, Defendant denies.

20. Answering paragraph 20, Defendant denies.

### COUNT II
### LIABILITY UNDER THE CARMACK AMENDMENT
### (brought as assignee of HITEC)

21. Answering paragraph 21, Defendant re-alleges and incorporates by reference its answers to all preceding paragraphs as though fully set forth herein.

22. Answering paragraph 22, Defendant denies.

23. Answering paragraph 23, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

24. Answering paragraph 24, Defendant denies.

1450748v.5

25. Answering paragraph 25, Defendant states such an allegation calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

26. Answering paragraph 26, Defendant admits that the shrink-wrap that was applied by and/or arranged for by Plaintiff and/or HITEC failed. In further answering, Defendant denies the remaining allegations contained in paragraph 26.

27. Answering paragraph 27, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

28. Answering paragraph 28, Defendant denies that it is liable for any damages to Plaintiff.

29. Answering paragraph 29, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, as such, denies.

**<u>AFFIRMATIVE DEFENSES</u>**

**NOW COMES**, Defendant, Equipment Express, Inc. ("Defendant"), by and through its undersigned counsel, hereby alleges and shows to the Court, upon information and belief, the following affirmative defenses:

1. That the damages sustained by Plaintiff, if any, was caused in whole or in part by the acts or omissions of Plaintiff or persons other than this Defendant and for whom this Defendant is not responsible and has no control.

2. That Plaintiff's claims may be barred in whole or in part due to lack of standing including due to lack of any evidence to establish that Plaintiff is an assignee of the alleged damages incurred, if any, by HITEC.

1450748v.5

3. That Plaintiff's claims may be barred in whole or in part due to its own contributory and/or comparative negligence for its claimed losses.

4. That Plaintiff's claims may be barred in whole or in part due to the contributory and/or comparative negligence of HITEC.

5. That Plaintiff's damages, if any, are the result of unrelated, pre-existing, subsequent conditions, or actions unrelated to this Defendant's conduct.

6. That Plaintiff may have failed to state a claim upon which relief may be granted.

7. That Plaintiff's claims are subject to and may be barred by contractual provisions, terms, conditions, exclusions, and limitations contained within the applicable contract.

8. That Plaintiff's claims are subject to limitations or waivers based either on contract or operation of law.

9. That Plaintiff's claims may be barred due to the absence of a condition precedent.

10. That Plaintiff's claims may be barred by the statute of limitations.

11. That Plaintiff's claims may be barred based upon waiver, estoppel, accord and satisfaction, or otherwise compromised by Plaintiff.

12. That Plaintiff's alleged injuries may have been caused by its own carelessness and/or negligence.

13. That Plaintiff may have failed to mitigate its damages.

14. That Plaintiff's claims may be barred in whole or in part due to HITEC's failure to mitigate damages.

15. That Plaintiff's claims may be barred for failure to implead necessary parties.

16. That Defendant reserves the right to raise any further defenses which may become apparent during discovery.

1450748v.5

## NOTICE OF APPLICATION OF FOREIGN LAW

PLEASE TAKE NOTICE, Defendant, Equipment Express, Inc. ("Defendant"), by and through its undersigned counsel, under Fed. R. Civ. P. 44.1, hereby provides notice of its intent to apply foreign law to this action. This includes the Highway Traffic Act of Ontario, Canada and all other applicable laws of Ontario, Canada.

**WHEREFORE**, Defendant, Equipment Express, Inc., demands judgment as follows:

a. for a dismissal of Plaintiffs' Complaint upon its merits;

b. for the costs and disbursements of this action; and

c. for such other relief as this court deems just and equitable.

**DEFENDANT HEREIN DEMANDS A JURY OF TWELVE.**

Dated this 4th day of December, 2020.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Attorneys for Equipment Express, Inc.

**U.S. Postal Address**
260 Franklin Street, 14th Floor
Boston, MA 02110-3112
Phone: 617-422-5300

740 North Plankinton Avenue
Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816

/s/Beata Shapiro
Beata Shapiro
Beata.Shapiro@wilsonelser.com
Patricia A. Stone
State Bar No: 1079285
Patricia.Stone@WilsonElser.com

## CERTIFICATE OF SERVICE

I, Beata Shapiro, hereby certify that the foregoing document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by first class mail, postage prepaid, on December 4, 2020.

/s/ Beata Shapiro
Beata Shapiro